**Quinton BROWN, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 81–C–167.**

United States District Court, E.D. Wisconsin.

June 8, 1983.

David R. Clowers, Milwaukee, Wis., for plaintiff.

Joseph P. Stadtmueller, U.S. Atty. by Patricia J. Gorence, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff seeks judicial review of the adverse decision of the secretary of the department of health and human services on the plaintiff's claims for disability and supplemental security income benefits. In accordance with Rule 25(d)(1), Federal Rules of Civil Procedure, the appropriate party will be substituted as the defendant in this case.

In a decision and order dated January 12, 1983, I concluded that the secretary's determination that Mr. Brown was not entitled to benefits was not supported by substantial evidence, and that the secretary's decision should be reversed. However, I refrained from entering a formal order reversing the secretary's decision at that time because Mr. Brown had previously filed an application for benefits based on the same impairments he now claims, and I requested the parties to submit additional briefs discussing the applicability of the doctrine of res judicata.

Counsel for Mr. Brown argues that the res judicata defense was waived by the secretary, that new evidence was considered during the administrative stages of Mr. Brown's second application, and that the second set of administrative proceedings should be considered as a reopening of the first claim. The defendant contends that the doctrine of res judicata bars Mr. Brown's second application and that the secretary's decision not to reopen the prior proceedings is not reviewable by this court.

It is undisputed that the secretary denied Mr. Brown's first application for benefits, and that such denial became final and binding. 42 U.S.C. § 405(h). Thus, the applicable regulations would have permitted dismissal of proceedings on Mr. Brown's second application on res judicata grounds. 20 C.F.R. §§ 404.957(c)(1) and 416.-1457(c)(1). However, the regulations also provide that a previous decision by the secretary may be reopened within a prescribed period of time upon a showing of "good cause." 20 C.F.R. §§ 404.988(b) and 416.-1488(b). The definition of "good cause" includes the presentation of new and material evidence. 20 C.F.R. §§ 404.989(a)(1) and 416.1489(a)(1). In the case at bar, I am persuaded that Mr. Brown's previous application was reopened for good cause and that the doctrine of res judicata does not bar his second application for benefits.

The initial determination by the secretary that Mr. Brown was not entitled to benefits on the basis of his first application was rendered on April 4, 1978. After the plaintiff's further administrative steps met with no success, the determination became final and binding. Mr. Brown's second application for benefits was filed on May 8, 1979, well within the prescribed time limits for reopening a decision.

The record reveals that the administrative law judge (ALJ) at no time ruled that the second application should be dismissed on res judicata grounds. Although he noted that the denial of the plaintiff's previous application had become final, he nevertheless proceeded to evaluate the evidence and to decide the matter on the merits. The ALJ's decision was based on his review of the evidence in the record of the prior proceedings as well as new evidence presented in connection with Mr. Brown's second application.

■ I am persuaded that the ALJ's failure to dismiss the second application on the grounds of res judicata constituted a waiver of that defense. *See, e.g., Brandt v. Califano,* 470 F.Supp. 795 (E.D.Wis.1979); *Staskel v. Gardner,* 274 F.Supp. 861 (E.D.Pa.,1967). Moreover, by reviewing the case on its merits and considering the additional evidence submitted in support of the plaintiff's claim, the ALJ in effect permitted a reopening of the prior proceedings. In light of new evidence that appears to be material to Mr. Brown's application, this de facto reopening seems appropriate.

■ The defendant correctly points out that this court cannot review the secretary's decision not to reopen a prior case, except to determine whether there has been an abuse of discretion. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Watters v. Harris,* 656 F.2d 234 (7th Cir.1980); *Janka v. Secretary of Health, Education, and Welfare,* 589 F.2d 365 (8th Cir.1978); *Easley v. Finch,* 431 F.2d 1351 (4th Cir.1970). However, the record in this case does not reveal a decision by the secretary not to reopen the case. On the contrary, the ALJ's July 7, 1980, decision suggests that he did, in fact, treat the matter as though it were reopened.

My previous order dated January 12, 1983, fully sets forth the reasons for my conclusion that the secretary's denial of benefits to Mr. Brown was not supported by substantial evidence. For those reasons, and for the reasons supporting my conclusion herein that the doctrine of res judicata does not bar the plaintiff's claim, the decision of the secretary will be reversed.

Therefore, IT IS ORDERED that Margaret M. Heckler be and hereby is substituted for Richard S. Schweiker as the defendant in this action.

IT IS ALSO ORDERED that the plaintiff's motion for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment be and hereby is denied.

IT IS FURTHER ORDERED that the secretary's decision denying Mr. Brown's claim for disability benefits and supplemental security income be and hereby is reversed.