Marguerite T. WARE, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. 86–0192.

United States District Court, District of Columbia.

June 26, 1986.

John S. Olshin, Washington, D.C., for plaintiff.

Claire M. Whitaker, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM ORDER

JUNE L. GREEN, District Judge:

Pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1983),[1] plaintiff Marguerite T. Ware filed a complaint on January 22, 1986, seeking judicial review of the Social Security Administration's ("SSA") denial of her claim for Widow's Insurance Benefits. On April 2, 1986, the defendant, Secretary of Health and Human Services ("the Secretary"), filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, or in the alternative, for summary judgment, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 56.

Defendant's motion is denied. The Court finds that jurisdiction is proper in this case and that plaintiff's complaint states a legally cognizable claim. Further, the Court finds that the Secretary's final decision is based on an incorrect application of the governing regulations, and denies the government's alternative motion for sum-

---

1. Title 42, United States Code, section 405(g) provides in part:
   Any individual, after any final decision of the Secretary made after a hearing to which [she] was a party, ... may obtain a review of such decision by a civil action commenced within sixty days...."

mary judgment. For the reasons discussed below, the Court also concludes that additional administrative action is necessary in this case and remands the cause to the SSA Appeals Council with directions to render a decision consistent with the findings of this opinion as set out below.

## I. *Background*

The pertinent procedural facts appear not to be in dispute. Before the Court are defendant's memorandum in support of its motion, plaintiff's response and defendant's reply, with appended exhibits from the administrative record. For the purpose of considering the present motion, the exhibits submitted by the parties will be taken as true and accurate representations of the administrative record. 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1364 (1969 & Supp.1985).

On July 29, 1982, Mrs. Ware, acting *pro se*, filed an application for Widow's Insurance Benefits. This first application was denied on October 15, 1982, on the grounds that Mrs. Ware's previous marriage to Louis B. Coleman in 1937 had not been dissolved prior to the time she married the insured, Hampton J. Ware, in 1957. Although Mrs. Ware was informed that she had a right to appeal the determination within 60 days, request for reconsideration was not filed until some five months later. Mrs. Ware avers that prior to the expiration of the 60–day appeal period, she visited the Social Security Office twice and told a representative that she wished to appeal her denial of benefits. Mrs. Ware contends that she was "advised" by SSA that she must produce a divorce decree to be eligible for benefits and because she was unable to locate her divorce papers did not seek appeal within 60 days.

Mrs. Ware obtained counsel on March 4, 1983. On March 23, 1983, she filed a request for reconsideration, which was dismissed as untimely on May 2, 1983. On May 9, and again on May 19, 1983, Mrs. Ware's counsel wrote to SSA and requested a reopening of her claim. In his May 9th correspondence, counsel requested that his letter be accepted as a "protective fil-

ing" should Mrs. Ware reapply for benefits. On June 8, 1983, SSA declined to reopen Mrs. Ware's application but accepted the protective filing date of May 9, 1983.

Mrs. Ware filed a second application for benefits on August 9, 1983, in which she requested that her renewed application, along with the first, be considered and approved. The August 9th mailing apparently was never received by SSA and on March 7, 1984, a copy of the second application was filed. The second application was denied on April 16, 1984, on the ground that it was a "duplicate claim." Motion for reconsideration was also denied on November 16, 1984. The denial notice explained the standard for receipt of widow's benefits, the facts of Mrs. Ware's claim, and concluded that, absent new evidence of a divorce decree, the second application presented the same facts and issues involved in the first application which was denied October 15, 1982. The notice also informed Mrs. Ware that she had a right to request a hearing before an Administrative Law Judge ("ALJ") if she believed the reconsideration determination to be incorrect. Mrs. Ware exercised that right on November 19, 1984, and on March 12, 1985, a hearing was held before an ALJ to consider the merits of Mrs. Ware's claim for benefits.

The decision issued by the ALJ on August 2, 1985, stated that Mrs. Ware was not the widow of an insured wage earner and therefore was not entitled to benefits. Thereafter, Mrs. Ware requested review of the ALJ's decision by the Appeals Council, claiming that the decision was "not in accordance with the evidence and applicable law." On December 9, 1985, the Appeals Council denied retroactively Mrs. Ware's November 19, 1984, request for a hearing on the grounds that it "should have been dismissed" as *res judicata* by the ALJ. The Appeals Council ruled that the ALJ's decision was of "no effect" and reinstated the October 15, 1982, denial as the final decision of the Secretary.

Mrs. Ware now seeks judicial determination of her entitlement to benefits. Plain-

tiff claims that the Appeals Council was unauthorized to dismiss a hearing request once an ALJ has reopened a case and examined the merits, and that the ALJ's decision was unsupported by substantial evidence. Defendant contends that judicial review is improper in this case since the final determination of the Secretary was not to reopen an administratively final decision and that, absent constitutional challenge, the Social Security Act does not authorize judicial review of such a determination.

## II. *Discussion*

■ A claimant may properly seek judicial review "after any final decision of the Secretary made after a hearing...." 42 U.S.C. § 405(g). In this case there has been a final decision of the Secretary after a hearing on the merits. The defendant mistakenly contends that for the purpose of determining jurisdiction there has been no hearing. The Court finds that the applicable regulations do not authorize the Appeals Council to review an ALJ's hearing decision in order to nullify that decision and dismiss retroactively the hearing request.

The Appeals Council claimed authority for its action under 20 C.F.R. § 404.967 (1985). This regulation provides in relevant part:

> If you or any other party is dissatisfied with the hearing decision or with the dismissal of a hearing request, you may request that the Appeals Council review that action. The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge....

The Appeals Council did grant Mrs. Ware's request for review and did issue a decision as the above-quoted provision permits. However, section 404.967 does not address the question of the scope of an Appeals Council decision. That issue is addressed in section 404.979.

Under 20 C.F.R. § 404.979 (1985), a decision of the Appeals Council may either "affirm, modify or reverse the hearing de-

cision" after review of "all the evidence in the hearing record and any additional evidence received...." In this case, the Appeals Council looked only at the evidence of record pertaining to the issue of *res judicata* and did not affirm, modify or reverse the ALJ's decision. Instead, the Appeals Council nullified the hearing. A decision to void Mrs. Ware's hearing *nunc pro tunc* is not a decision authorized either by section 404.967 or by section 404.979.

Prior to 1980, 20 C.F.R. § 404.947 (1980), on its face, authorized the Appeals Council to reopen an ALJ's hearing decision for the purpose of dismissing a hearing request:

> The Appeals Council may dismiss ... or, in its discretion, deny or grant a party's request for review of a presiding officer's decision, or may, on its own motion, within 60 days after the date of the notice of such decision, reopen such decision for review or for the purpose of dismissing the party's request for hearing for any reason for which it could have been dismissed by the presiding officer....

*See White v. Schweiker*, 725 F.2d 91, 93–94 (10th Cir.1984); *Starcher v. Califano*, 464 F.Supp. 997, 999 (N.D.W.Va.1979).

On August 5, 1980, however, large portions of 20 C.F.R. Ch. III were revised. *See* 45 Fed.Reg. 52,078–110 (1980). At that time language authorizing the Appeals Council to dismiss, deny or grant a request for review was transferred to section 404.-967, and language authorizing Appeals Council initiation of hearing decision review was moved to section 404.969. Language permitting the Appeals Council to reopen the decision for the purpose of dismissing a hearing request was omitted. Yet, in 1985, in Mrs. Ware's case, the Appeals Council relied, almost verbatim, on the exact language in section 404.947 that was no longer in effect. The December 9, 1985, dismissal stated: "... [T]he Appeals Council may review an Administrative Law Judge's decision in order to dismiss the party's hearing request for any reason for which it could have been dismissed by the Administrative

Law Judge." The Appeals Council was in error.

The ALJ was authorized to reopen Mrs. Ware's claim as a matter of administrative discretion,[2] and did so. Although the ALJ made no reference to the fact that he was reopening the claim, he in fact held a full hearing on the merits. Twenty-three exhibits were introduced in evidence, testimony was taken, and arguments were heard. The ALJ issued a five-page, single-spaced opinion that included a review of the applicable regulations for determining widow's benefits, a three-page evaluation of the evidence, and a list of administrative findings. These actions constituted a reopening of the claim. *See, e.g., Jelinek v. Heckler*, 764 F.2d 507, 508–09 (8th Cir.1985); *Taylor For Peck v. Heckler*, 738 F.2d 1112, 1114–15 (10th Cir.1984).

▮ Had the ALJ chosen not to reopen the claim on the grounds of *res judicata* (*see* 20 C.F.R. § 404.957(c)(1) (1985)), as the Appeals Council later stated he should have, that decision would have been reviewable by the Appeals Council and the Council's final decision would not be reviewable by this Court. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Matos v. Secretary of HEW*, 581 F.2d 282 (1st Cir.1978). Further, had the ALJ held a hearing to determine whether *res judicata* applied, *Sanders* and *Matos* might again be relevant. *See Rios v. Secretary of HEW*, 614 F.2d 25 (1st Cir.1980). But this is not the case. Once the ALJ reopened the case by holding a hearing on the merits, *Sanders* and *Matos* are inapposite. To the extent that Mrs. Ware's claim was reopened on the merits, jurisdiction to review on the merits is proper. *Purter v. Heckler*, 771 F.2d 682 (3d Cir.1985); *McGowen v. Harris*, 666 F.2d 60 (4th Cir.1981); *Jelinek*, 764 F.2d 507; *Taylor For Peck*, 738 F.2d 1112; *Brown v. Heckler*, 565 F.Supp. 72 (E.D. Wis.1983).

Thus, Mrs. Ware comes to this Court with an erroneous but final decision of the Secretary made after a valid hearing. Subject matter jurisdiction is conferred under 42 U.S.C. § 405(g). Her claim is a legally cognizable and routine one for judicial review of final administrative findings, also in accordance with 42 U.S.C. § 405(g). For the reasons stated above, the Secretary's final decision is legally incorrect and unsupportable and thus defendant's motion for summary judgment must be denied.

It appears to the Court from the record before it, that further administrative action is necessary. Accordingly, the Court remands this cause to the Appeals Council. Consistent with this opinion and in accordance with the Secretary's regulations, the Appeals Council, after full review of the hearing record, may either issue a decision to affirm, modify, or reverse the ALJ's hearing decision, or may remand the case to the ALJ for further inquiry if additional evidence on the merits of the claim is required. *See* 20 C.F.R. §§ 404.977(e)(2), 404.979 (1985).

Once the Secretary has taken appropriate action, judicial review may no longer be necessary. Should Mrs. Ware desire further review, she may file an action in Federal District Court within 60 days after the date she receives notice of the Appeals Council's revised final decision. *See* 20 C.F.R. § 404.981 (1985).

In accordance with the foregoing, it is by the Court this 26th day of June 1986,

ORDERED that defendant's motion to dismiss or in the alternative for summary judgment is denied; it is further

ORDERED that the cause is remanded for further administrative proceedings as outlined herein; and it is further

ORDERED that this case is dismissed without prejudice.

---

**2.** Under 20 C.F.R. § 404.988 (1985) a determination may be reopened within 12 months of the date of the notice of the initial determination "for any reason." In this case, Mrs. Ware's second application seeking reconsideration of her claim was filed March 7, 1984, with the undisputed understanding of a protective filing date of May 9, 1983, less than 12 months after notice of the initial denial.