Gerald L. **BARTON**, SSN: 254–30–2929, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 1:86–2778–15K.**

United States District Court, D. South Carolina, Aiken Division.

March 30, 1988.

Mary J. Wiesen–Kosinski, Aiken, S.C., for plaintiff.

Wistar Stuckey, Asst. U.S. Atty., Columbia, S.C., for defendant.

## ORDER

HAMILTON, District Judge.

On March 23, 1983, plaintiff filed an earlier action in this court (civil action number 83–704–15) under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of his 1981 application for supplemental security income (SSI). (Plaintiff previously had filed applications for both SSI and disability insurance benefits (DIB) in 1975 and 1978.) This court found that the Secretary's decision denying benefits was not supported by substantial evidence and remanded the case to the Secretary to award benefits. When the Secretary

awarded SSI based on his 1981 application instead of awarding him benefits based on his 1978 applications for DIB and SSI, plaintiff filed the instant action challenging that award. Plaintiff contends that the Administrative Law Judge (ALJ) who ruled upon his 1981 application took actions which constituted a *de facto* reopening [1] of his 1978 applications for SSI and DIB and that the Secretary's award should have been based upon those earlier applications. The case is presently before the court on the Secretary's motion to dismiss on the ground that the ALJ's application of administrative *res judicata* deprives this court of subject matter jurisdiction to decide this action. Rule 12(b)(1), Fed.R.Civ.Proc.

The matter was referred to United States Magistrate William M. Catoe, Jr. for a report and recommendation wherein he found that the ALJ did not deny plaintiff's 1981 SSI application on *res judicata* grounds, but, instead, implicitly reopened not only plaintiff's 1978 SSI application but his 1975 SSI application as well. The magistrate, however, recommended awarding plaintiff only SSI and did not mention plaintiff's 1975 and 1978 applications for DIB. Both parties have filed timely objections to the magistrate's report and recommendation. To understand the issues presented in this case requires an understanding of the following lengthy and often confusing procedural history.[2]

### Procedural History

On June 2, 1975, plaintiff applied for both DIB and SSI. Plaintiff's SSI application was denied initially on July 31, 1975 and again on reconsideration by letter dated October 6, 1975. Plaintiff's DIB application was denied initially on July 31, 1975 and again on reconsideration by letter dated August 6, 1975. Plaintiff failed to exhaust his administrative remedies by requesting a hearing before an ALJ.

On July 30, 1978, plaintiff again filed applications for both DIB and SSI, which were denied on October 2, 1978. Again, plaintiff failed to exhaust his administrative remedies by requesting reconsideration of his application and by requesting a hearing before an ALJ.

On March 5, 1981, plaintiff filed an application for SSI only, which was denied initially and again on reconsideration by letter dated August 6, 1981. Plaintiff appealed the adverse agency determination by requesting a hearing before an ALJ,[3] which was held on March 10, 1982. At that hearing, plaintiff orally moved to have his 1981 SSI application considered a petition for reopening his 1978 applications for SSI and DIB. *See* Tr. at 8. In a decision dated June 29, 1982, the ALJ concluded that plaintiff was not under a disability and, therefore, was not entitled to SSI based on his March 5, 1981 application. The ALJ's order did not mention reopening of plaintiff's 1978 applications.

Plaintiff appealed the ALJ's decision to the Social Security Appeal's Council on July 21, 1982. On December 15, 1982, he filed a formal, written motion to have his March 5, 1981 application for SSI benefits considered a petition for reopening his June 30, 1978 applications.[4] The Appeal's Council, however, simply adopted the ALJ's decision denying plaintiff's 1981 application and made it the final decision of the Secretary.

---

1. When a reopening occurs, it extends the payment of benefits back to the date of the earlier application.

2. This record is permeated by inconsistent and confusing statements. Most of the confusion seems to have been perpetuated by plaintiff's attorney, whose pleadings and memoranda are consistent only in the sense that they are consistently confusing.

3. Notably, in his request for a hearing, plaintiff mistakenly represented that he was seeking both SSI and DIB. In fact, his 1981 application was for SSI only. *See* letter from plaintiff's attorney, Mary J. Wiesen–Kosinski, to United States Attorney dated August 13, 1984 and marked as Exhibit A to Secretary's brief in support of motion for summary judgment (plaintiff's 1981 application "only involved SSI").

4. The motion read in part: "We moved at the hearing [before the ALJ] and again now to have Mr. Barton's March 5, 1981 application considered a request for reopening his June 30, 1978 application on the basis of the new and material evidence submitted in connection with his most recent application...." Tr. at 8.

On March 23, 1983, plaintiff filed an action (civil action no. 83–704–15) under § 205(g) of the Social Security Act, 42 U.S. C. § 405(g), seeking judicial review of the Secretary's decision denying him benefits. The case was referred to United States Magistrate William M. Catoe, Jr. for a report and recommendation. The magistrate concluded that the Secretary's decision regarding plaintiff's 1981 claim for benefits was not supported by substantial evidence and that plaintiff was disabled as of January 1, 1969. This court adopted the magistrate's report and recommendation on June 13, 1984 and remanded the case to the Secretary to establish a period of disability. When the Secretary awarded plaintiff SSI benefits based on his March 5, 1981 application, plaintiff requested reconsideration of the award arguing that his 1978 application should have been reopened and "[b]enefits should have been paid commencing June, 1978 for SSI and SSA." [5]

By letter dated August 19, 1986, the Social Security Administration's Office of Disability Operations refused to reopen plaintiff's 1978 application because "[t]he time limit for appealing the decision on that application has expired, so that decision is final." *See* discussion at pp. 10–12. That letter reaffirmed that the Social Security Administration would pay plaintiff's SSI benefits based on his 1981 application.[6]

On October 22, 1986, plaintiff instituted the present action. In his complaint, plaintiff argues that since this court found him disabled as of January 1, 1969, the Secretary should have reopened his June 30, 1978, applications and paid him benefits based thereon. The Secretary's refusal to do so, he contends, is "not based on substantial evidence."

On February 24, 1987, the Secretary moved to dismiss the instant action on the grounds that the court lacks subject matter jurisdiction to hear this case. Rule 12(b)(1), Fed.R.Civ.Proc.[7] When plaintiff failed to appeal the Secretary's initial denials of his 1978 applications, those decisions became "final." *See infra* note 8. Defendant contends, therefore, that the ALJ's application of administrative *res judicata* deprives this court of jurisdiction to hear plaintiff's request to reopen his 1978 applications.

In reply to the Secretary's motion, plaintiff contends that the ALJ admitted evidence relevant to his 1978 applications and denied them again on the merits rather than employing administrative *res judicata* as a bar. Plaintiff contends that the ALJ's action in doing so constitutes a *de facto* reopening of his 1978 claim under *McGowen v. Harris*, 666 F.2d 60 (4th Cir.1981) and *Purter v. Heckler*, 771 F.2d 682 (3rd Cir. 1985). Plaintiff prays for "payment of benefits based on his June 30, 1978 application[s] for benefits." Plaintiff's return to motion to dismiss at 6.

This matter was again referred to United States Magistrate William M. Catoe, Jr. for a report and recommendation, which he filed on October 8, 1987. The magistrate found that the ALJ, by legal implication, had reopened plaintiff's 1975 and 1978 SSI applications. The magistrate went on to recommend awarding plaintiff's SSI benefits based on his June 2, 1975 application

---

5. The court is unaware of any form of benefit referred to as SSA.

6. Curiously, the letter went on to say that "we will also pay your Social Security Disability Benefits (DIB) based on your 1981 application. Both payments are based on the District Court's decision on your claim." Since plaintiff had not applied for DIB in 1981, it is unclear to the court why the Social Security Administration awarded him DIB from 1981 forward. The court did not order payment of DIB in its June 13, 1984 decision. This payment, however, may have been the result of a mistaken interpretation of that decision.

7. The Secretary also argues that plaintiff's complaint should be dismissed because it fails to state a claim upon which relief can be granted. Rule 12(b)(6), Fed.R.Civ.Proc. Plaintiff contends that since 20 C.F.R. § 416.501 prohibits the payment of benefits for any period that precedes the date on which an application is filed, the plaintiff's contention that he should be awarded benefits back to the date of his disability, which began January 1, 1969, fails to state a claim upon which relief can be granted. The Secretary evidently misreads plaintiff's complaint, which does not pray for benefits to be awarded back to January 1, 1969. The complaint prays for benefits back to the date of his 1978 applications. Therefore, this ground for dismissal is meritless.

for a disability beginning January 1, 1969. The magistrate never mentioned DIB. Both parties have filed timely objections to the magistrate's report and recommendation.

Plaintiff contends that the magistrate erred in awarding him only SSI benefits. He contends that he is entitled to an award of both SSI and DIB based on his June 2, 1975 applications. (Notably, this was the first document in which plaintiff prayed for benefits based on his 1975 applications.) The Secretary, in his objections to the magistrate's report and recommendation, requests that the report be adopted only to the extent that it limits plaintiff's award to SSI and modified to base the award upon plaintiff's 1981 application as opposed to the 1975 application. The Secretary contends that the magistrate correctly awarded plaintiff only SSI since his 1981 application only requested SSI. The Secretary contends that plaintiff should be awarded benefits only on his 1981 application because: (1) the ALJ lacked the power to reopen plaintiff's previous applications since the time limits provided for in the regulations governing reopening had already run and (2) the ALJ's actions did not constitute a *de facto* reopening of plaintiff's 1975 and 1978 applications. 28 U.S.C. § 636(b)(1) requires this court to make a *de novo* determination of those portions of the magistrate's report and recommendation to which the parties have objected. *Camby v. Davis,* 718 F.2d 198, 199 (4th Cir.1983).

### Legal Analysis

■ This court would be without jurisdiction under 42 U.S.C. § 405(g) to review a decision of the Secretary either to apply administrative *res judicata* as a bar to a claim, *Teague v. Califano,* 560 F.2d 615, 618 (4th Cir.1977), or to refuse to reopen it. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *McGowen v. Harris,* 666 F.2d 60, 65 (4th Cir.1981). The court, however, does have inherent jurisdiction to determine its own jurisdiction. *Tex-*

*as & Pacific Railway v. Gulf, Colorado & Santa Fe Railway,* 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed. 578 (1927). Accordingly, it has jurisdiction to determine whether the ALJ properly applied administrative *res judicata* or whether, though he could have properly applied administrative *res judicata,* he nevertheless reopened plaintiff's earlier applications. According to the Fourth Circuit in *McGowen,* "if the court determines that jurisdiction exists either because administrative *res judicata* was not properly applied, or because the denied claim has been either formally or by legal implication reopened, it may then of course judicially review the Secretary's final decision denying the claim." 666 F.2d at 66.

■ Plaintiff's 1981 application for SSI is the "same claim" for *res judicata* purposes as the SSI claims he filed in 1975 and 1978. *See* Tr. at 99–102, 105–108, and 109–112; *Purter v. Heckler,* 771 F.2d 682, 689–91 (3rd Cir.1985). Since the decisions denying benefits on these earlier applications are final and binding,[8] the ALJ could have properly denied plaintiff's 1981 application on *res judicata* grounds. 20 C.F.R. § 416.1457(c)(1); *McGowen v. Harris,* 666 F.2d at 65. If he had done so, this court would be without jurisdiction under 42 U.S.C. § 405(g) to engage in a review of his decision. *Teague,* 560 F.2d at 618. The ALJ, however, chose to deny plaintiff's 1981 application on the merits, and the Appeal's Council made his decision the final decision of the Secretary. The Secretary thereby waived his *res judicata* defense. *See Brown v. Heckler,* 565 F.Supp. 72, 74 (E.D.Wisc.1983).

Although the plaintiff orally asked the ALJ to consider his 1981 application for SSI as a petition to reopen his 1978 applications for SSI and DIB, the ALJ did not explicitly rule on his request to reopen. In fact, the ALJ did not even mention reopening in his written order. Therefore, the remaining question this court must resolve in determining whether it has jurisdiction

---

8. Federal regulations provide that an initial determination, *see* 20 C.F.R. § 404.907 (DIB) and 20 C.F.R. § 416.1405 (SSI), and a reconsidered determination, *see* 20 C.F.R. § 404.921 (DIB) and 20 C.F.R. § 416.1421 (SSI), are final and binding unless a hearing is requested and a decision is rendered.

to order payment of additional benefits is whether the ALJ reopened plaintiff's 1975 and 1978 applications by legal implication.

*Plaintiff's Time Barred Applications*

Federal regulations provide that a determination which is otherwise final may be reopened within time limits and under certain circumstances. A final determination regarding Title II (DIB) benefits may be reopened within twelve months of the date of notice of the initial determination for any reason; within four years of the date of notice of initial determination for good cause; and at any time for reasons totally inapplicable here (such as fraud or similar fault). 20 C.F.R. § 404.988. A final determination regarding Title XVI (SSI) benefits may be reopened within twelve months of the date of notice of the initial determination for any reason; within two years of the date of notice of the initial determination for good cause; and at any time for fraud or similar fault. 20 C.F.R. § 415.1488.[9]

■ Plaintiff's 1975 applications for DIB and SSI were initially denied on July 31, 1975, and his 1978 applications for DIB and SSI were initially denied on October 2, 1978. Plaintiff's 1981 application for SSI, which he asked the Secretary to consider a petition for reopening his 1978 applications, was filed on March 5, 1981. Because plaintiff's request to reopen was filed well over five years after his 1975 application for DIB and SSI were initially denied, the ALJ was required to find fraud or similar fault to justify reopening those claims. 20 C.F.R. § 404.988 and 20 C.F.R. § 416.1488; *Purter v. Heckler,* 771 F.2d 682, 693 (3rd Cir.1985) (Where a subsequent claim reveals evidence that would warrant a reopening of any earlier claims, and the Secretary has reviewed the entire claim on the merits after a hearing, a reviewing court is not precluded from finding that a reopening has occurred."). Plaintiff never alleged, much less proved, fraud or similar fault, and the record in this case reveals no

such conduct. Therefore, the magistrate erred in finding that the ALJ implicitly reopened plaintiff's 1975 applications for DIB and SSI.

■ Plaintiff's request to reopen his 1978 application for SSI runs into the same time barrier. Because plaintiff did not request that the Secretary reopen this application until well over two years after the initial determination denying it, he, in order to reopen it, has to allege and prove fraud or similar fault, which he has not done. 20 C.F.R. § 416.1488. Therefore, the magistrate again erred in finding that the ALJ implicitly reopened plaintiff's 1978 application for SSI. *Id.*

*1978 DIB Application*

Plaintiff's 1981 request to reopen, however, was filed within four years of the initial denial of his 1978 application for DIB. Therefore, the court must award plaintiff DIB back to 1978 if: (1) there was good cause to reopen plaintiff's 1978 application for DIB and (2) the ALJ's actions in ruling upon plaintiff's 1981 application for SSI constituted a *de facto* reopening of his 1978 claim for DIB. *McGowen,* 666 F.2d at 65; *Purter,* 771 F.2d at 693. The court concludes that good cause existed for reopening plaintiff's 1978 claim for DIB and that the ALJ, in the course of considering plaintiff's 1981 claim, reopened his 1978 DIB application.

■ Good cause for reopening exists where new and material evidence is presented and where there is an error on the face of an agency decision. 20 C.F.R. § 404.989. Although plaintiff has not pointed this court to an error on the face of any agency determination, the ALJ admitted into evidence and considered what the court finds to be new and material evidence. For instance, the ALJ admitted and considered numerous medical reports from at least three different hospitals, as well as reports from individual doctors, which were

---

9. Notably, subpart 20 C.F.R. § 404.900 explains the procedures the Secretary follows in determining a claimant's rights under Title II of the Social Security Act, which concerns DIB. Subpart 20 C.F.R. § 416.1400 explains the procedures the Secretary follows in determining a claimant's rights under Title XVI of the Social Security Act, which concerns SSI.

dated from 1979 through 1982. *See* Tr. at 1–2. In addition, the Appeal's Council later made numerous other medical records [dated from 1975 through 1982] a part of the record by order dated February 21, 1983. Because these records submitted to the ALJ and Appeal's Council for review contained new and material evidence regarding plaintiff's disability, the court finds that good cause existed at the hearing dated June 29, 1982, to reopen plaintiff's 1978 DIB application as a matter of administrative discretion.

■ According to the Fourth Circuit in *McGowen*, if the ALJ in this case reconsidered plaintiff's 1978 DIB application on the merits to any extent, it must be treated, to that extent, reopened as a matter of administrative discretion under 20 C.F.R. § 404.989 (1981). 666 F.2d at 65. In the "notice of hearing" sent to plaintiff, the Secretary informed plaintiff that one of the issues to be determined by the ALJ was "whether you were disabled as of the date of your application(s) filed on June 2, 1975, June 30, 1978, and March 5, 1981." At the hearing, the ALJ also made references to plaintiff's previous applications. Tr. at 42. Furthermore, the ALJ admitted 38 exhibits into evidence, a great many of which concerned only plaintiff's 1975 and 1978 applications for benefits. Tr. 1–2. The examination of plaintiff at the March 10, 1982, hearing also focused on evidence going to his earlier applications. *See, e.g.,* Tr. at 83 ("How about in 1978? You applied for Social Security on June 30, '78. What was your average day like at that time?") In his decision dated June 29, 1982, the ALJ repeatedly indicated that he had considered the entire record in this case, including all of the exhibits admitted into evidence, all of the testimony given, and all of the arguments made. Tr. at 23, 30–31. The ALJ went on to deny plaintiff's 1981 application on its merits. *See* ALJ's findings, Tr. at 31–32.

The court finds that there was good cause to reopen plaintiff's 1978 DIB application because of the new and material evidence submitted and that the ALJ implicitly reopened plaintiff's 1978 DIB application by considering all of the evidence presented and ruling on the merits.[10] *See McGowen v. Harris,* 666 F.2d 60 (4th Cir. 1981) (court found no reopening because no reconsideration on merits, but concluded that reconsideration on merits at administrative level would reopen earlier applications as a matter of administrative discretion under 20 C.F.R. § 404.989 (1981)); *Farley v. Califano,* 599 F.2d 606 (4th Cir. 1979) (Court held that by ruling on merits of subsequent application, the ALJ had reopened plaintiff's previous application; court refused to imply application of administrative *res judicata* in the absence of an express denial of a petition to reopen); *Purter v. Heckler,* 771 F.2d 682 (3rd Cir. 1985) (reopening of earlier application found where ALJ reviewed "the entire record", did not discuss reopening, did not apply or mention *res judicata,* but denied application on merits); *Jelinek v. Heckler,* 764 F.2d 507 (8th Cir.1985) (reopening found where ALJ reconsidered evidence regarding earlier application, even though ALJ concluded that earlier application could not be reopened); *Ware v. Secretary of Health and Human Services,* 638 F.Supp. 892 (D.D.C.1986) (By reviewing subsequent claim on merits, admitting numerous exhibits into evidence, hearing arguments, and making no reference to *res judicata,* ALJ implicitly reopened earlier claim); *Reinhart v. Schweiker,* 590 F.Supp. 78 (W.D.Mich.1984) (court found implicit reopening of earlier claim where ALJ's review on merits extended back to onset of plaintiff's disability); *Brown v. Heckler,* 565 F.Supp. 72 (E.D.Wisc.1983) (ALJ reopened prior application when he did not apply *res judicata* and based his ultimate disability determination on a review of the record of the prior application). *Cf. Cher-*

---

**10.** Notably, although the ALJ also considered evidence going to plaintiff's 1975 applications for DIB and SSI and his 1978 application for SSI, he could not justify reopening those applications where, as here, no fraud or similar fault is involved. *See* 20 C.F.R. § 404.988(c); 20 C.F.R. 416.1488(c); and discussion at pp. 10–12. Therefore, the court cannot award benefits based upon those applications.

*ry v. Heckler*, 760 F.2d 1186 (11th Cir.1985) (ALJ found insufficient new and material evidence to justify reopening under regulations and explicitly applied *res judicata* as a bar to the plaintiff's earlier application).

### Conclusion

The court finds that plaintiff's request to reopen his 1975 applications for DIB and SSI and his 1978 application for SSI is time barred under the relevant federal regulations. *See* 20 C.F.R. § 404.988(c); 20 C.F.R. § 415.1488(c); and discussion at pp. 10–12. The court, however, finds that plaintiff's request to reopen his 1978 DIB application is not time barred under the regulations. *See* 20 C.F.R. § 404.988(c) and discussion at pp. 10–12. The court further finds that good cause existed for reopening plaintiff's 1978 DIB application and that the ALJ, whose decision became the final decision of the Secretary, reopened that application by legal implication. Since this court earlier concluded that plaintiff was disabled as of January 1, 1969, *see* order dated June 13, 1984, and since plaintiff's insured status did not expire until January 1, 1975, the Secretary is ordered to pay plaintiff DIB based on his 1978 application. The Secretary, of course, should continue to pay plaintiff SSI based on his 1981 application as directed by this court on June 13, 1984.