**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

FLORENCE J. GILBERT,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

       Defendant-Appellee.

No. 96-1405
(D.C. No. 93-B-1703)
(D. Colo.)

---

ORDER AND JUDGMENT[**]

---

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although the Commissioner has been substituted for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Florence J. Gilbert appeals from a decision[1] of the district court affirming the Secretary's determination that she was entitled to a period of disability commencing November 30, 1984, and to disability insurance benefits and further entitled to benefits under Title XVI, but refusing to reopen her 1985 claim for benefits under Title II. At issue is whether claimant's 1985 application was solely a claim for disability insurance benefits or if it also included a claim for widow disability benefits that has never been administered. The district court held that claimant had never filed for widow disability benefits and rejected claimant's contention that such a claim remained pending in administrative limbo.

Claimant argues that the district court erred in finding that her 1985 claim was not a claim for widow's benefits, that res judicata was improperly applied to deny her past widow's benefits, that she was entitled to have her 1985 claim reopened under several different theories, and that 42 U.S.C. § 402 or 42 U.S.C. § 405 should allow her relief because she had received incomplete information about whether to appeal her 1986 reconsideration denial. We review to determine whether the Secretary's decision was supported by substantial evidence and to

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

consider whether the Secretary applied the proper legal standard, see Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir. 1990). We affirm.

In 1985, claimant filed an application under Title II and Title XVIII requesting "all insurance benefits for which I am eligible." R. Vol. I at 295.[2] That claim was denied both initially in October 1985, and upon reconsideration. Claimant did not appeal further.

Claimant filed a second application in 1991. This time, claimant prevailed on her claim for disability insurance benefits but failed to convince the ALJ to reopen her 1985 claim which she contends was one for widow's benefits. The ALJ refused to reopen based on 20 C.F.R. § 404.988 which limits the time in which an application may be reopened for good cause to the four-year period after the date of the initial determination. See 20 C.F.R. 404.988(b).

Because a decision not to reopen a case is not a final decision of the Secretary made after a hearing, it is not reviewable by federal courts. See Califano v. Sanders, 430 U.S. 99, 108 (1977). This bar to review exists "'whether or not the [Social Security Administration] held a hearing on whether good cause for the late filing was shown.'" Dozier v. Bowen, 891 F.2d 769, 771 (10th Cir. 1989) (quoting White v. Schweiker, 725 F.2d 91, 93 (10th Cir. 1984)). The only

---

[2] Widow's disability benefits are among the benefits provided in Title II of the Social Security Act. See Davidson v. Secretary of Health & Human Servs., 912 F.2d 1246, 1249 (10th Cir. 1990).

exception to this bar on judicial review is when the refusal to reopen is challenged on constitutional grounds, an instance the Supreme Court has described as "rare." See Califano, 430 U.S. at 109.

Claimant argues that she comes witihin the exception because (1) the 1985 application was an application for widow's benefits which has never been denied and, therefore, remains pending and (2) the ALJ's refusal to reopen her 1985 application denied her due process.

With regard to claimant's first argument, we agree with the Secretary that, under any scenario, claimant cannot prevail. If the district court is correct and claimant did not file in 1985 for widow's benefits, she cannot prevail. A claimant must file for benefits in order to receive them. Alternately, if claimant filed a claim for widow's benefits in 1985, it was denied by virtue of the notices claimant received.

The 1985 application applied for all Title II benefits to which claimant was eligible. Because Title II encompasses widow's benefits, the application necessarily includes those benefits. The denial of the 1985 application states "you are not entitled to any other benefits based on this application," R. Vol. I at 313, thus it denies all benefits to which claimant was entitled, including widow's benefits. The reconsideration disability report clearly names claimant's deceased

-4-

husband as the wage earner and notes that the Title II claim is for both disability insurance benefits and disabled widow's benefits.

The initial notice denying claimant's 1985 application states: "If you applied for other benefits, you will receive a separate notice when a decision is made on that claim(s)." R. Vol. I at 313. Claimant points to this language to argue that the denial notice she received denies only disability insurance benefits and not widow's benefits, and that she could reasonably have expected to receive a separate notice denying her widow's claim. However, the entire paragraph reads as follows:

> In addition, you are not entitled to any other benefits based on this application. If you applied for other benefits, you will receive a separate notice when a decision is made on that claim(s).

Id. at 313. We read this language to mean that, had claimant filed for other benefits on a different and separate application, she would have received a separate notice regarding that application. Because the denial notice states that claimant was not entitled to any other benefits based on "this application," and because "this application" encompasses all benefits to which claimant is entitled under Title II (which title includes both disability insurance and widow disability benefits), the denial of the claim made in "this application" denies both types of

disability claims.[3] We do not view the fact that only the "disability insurance benefits" box was checked on the denial notices, as opposed to both the "disability insurance benefits" and the "disabled widow/widower benefits" boxes, as evidence that the widow's claim was not administered and is still alive. The fact that the district court drew the alternate conclusion and held that claimant had not filed for widow's benefits in 1985 does not prevent our affirming the district court. We may affirm a decision of the district court on a ground not relied on by that court if supported by the record. See Greiss v. Colorado, 841 F.2d 1042, 1047 (10th Cir. 1988).

As noted, the ban on judicial review of a refusal to reopen does not operate to preclude review of a case presenting a colorable constitutional claim. See Nelson v. Secretary of Health & Human Servs., 927 F.2d 1109, 1111 (10th Cir. 1990). The gist of claimant's due process argument seems to be that the plain language of the 1985 reconsideration denial did not sufficiently alert her to the

---

[3] We see no unfairness to claimant in determining that she had applied for widow's benefits in 1985 and had been denied. Claimant admitted in a prior lawsuit, see Gilbert v. Shalala, 828 F. Supp. 815 (D. Colo. 1993), aff'd, 45 F.3d 1391 (10th Cir. 1995), that she herself thought she was applying for widow's benefits and that they had been denied.

Further, in that case, the district court was obviously dealing with a plaintiff who had represented to the court that her widow's disability claim had been denied. See Gilbert, 828 F. Supp. at 818 (stating that "[h]er denial notice explained that to qualify for widow disability benefits her disability must arise within seven years after the death of her spouse").

-6-

need to proceed further with her claim. Claimant failed to prevail on this argument in <u>Gilbert v. Shalala</u>, 45 F.3d 1391 (10th Cir. 1995), <u>aff'g</u> 828 F. Supp. 815 (D. Colo. 1993), because she had not relied on the notice in failing to appeal and thus had no standing. <u>See id.</u> at 1394. Claimant is thus collaterally estopped from relitigating this matter. <u>See</u> <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).

Claimant next argues that the ALJ erroneously applied res judicata principles to her case and that various theories should afford her relief from its operation. We disagree. The ALJ did not resort to res judicata in deciding her claim. Damage to a claimant from res judicata arises when issues of fact and law determined in a prior action are used to bar a subsequent claim for relief based on the same facts. Here, the ALJ awarded claimant disability insurance benefits from her 1991 application based on a November 1984 onset date. The 1985 determination was not used as a basis for denying the 1991 application.[4]

---

[4] Claimant argues that she was told by a Social Security Administration employee that she could reapply for widow's benefits within seven years after the initial denial and receive back benefits. She argues that, because of this misrepresentation, she is entitled to relief under 42 U.S.C. § 405(b)(3)(A) which provides

A failure to timely request review of an initial adverse determination with respect to an application for any benefit under this subchapter or an adverse determination on reconsideration of such an initial determination <u>shall not serve as a basis for denial of a subsequent application</u> for any benefit under this subchapter if the applicant demonstrates that the applicant . . . failed to so request

(continued...)

Because res judicata principles preclude reopening the 1985 application, we are without jurisdiction to review the ALJ's refusal to reopen. "Neither the district court nor this court has jurisdiction to review the Secretary's refusal to reopen a claim for disability benefits or determination such claim is res judicata." Brown, 912 F.2d at 1196. Further, because the ALJ expressly refused to reopen the 1985 claim, there can be no de facto reopening as claimant argues. See id. We agree with the district court that 42 U.S.C. § 402(j)(5) does not afford relief as that statute specifically applies to persons who fail to apply for benefits because of agency-originated misinformation.

Our resolution of this case makes it unnecessary for us to address the Secretary's argument regarding the propriety of the district court's action in abating the case until administrative remedies had been exhausted.

---

[4](...continued)
      such a review acting in good faith reliance upon incorrect, incomplete, or misleading information, relating to the consequences of reapplying for benefits in lieu of seeking review of an adverse determination, provided by any officer or employee of the Social Security Administration or any State agency acting under section 421 of this title.

42 U.S.C. § 405(b)(3)(A) (emphasis added). Because claimant's subsequent 1991 application was not denied, this section does not apply to claimant's case.

-8-

AFFIRMED.

Entered for the Court


Carlos F. Lucero
Circuit Judge