**Cindy FINAN, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

No. 03–4215–JAR.

United States District Court, D. Kansas.

July 29, 2004.

**1304**

Steven M. Tilton, Tilton & Tilton, Chtd., Topeka, KS, for Plaintiff.

Tanya S. Wilson, Office of United States Attorney, Topeka, KS, for Defendant.

## MEMORANDUM & ORDER

ROBINSON, District Judge.

Plaintiff Cindy Finan brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Commissioner of Social Security's denial of her application for a period of supplemental security income (SSI) under Title XVI of the Social Security Act. According to plaintiff, defendant erred in failing to reopen her previously filed SSI application, and plaintiff argues that in his analysis, the ALJ failed to properly consider whether her impair-ments met a listed impairment, failed to properly assess her credibility, failed to accord adequate weight to the medical opinions in the record, and failed to properly determine her residual functional capacity. The Court concludes that it has no subject matter jurisdiction to review Defendant's decision to not reopen the claim, because Defendant did not engage in a de facto reopening, and plaintiff has failed to demonstrate that she has a colorable constitutional claim.

## I. Procedural Background

Plaintiff filed her first application for SSI benefits on July 15, 1998 (1998 claim), asserting a disability onset date of July 10, 1998. The application was denied both initially and on reconsideration. At plaintiff's request, an administrative law judge (ALJ) held a hearing in October 1999; plaintiff and her non-attorney representative were present. On October 29, 1999, the ALJ issued a decision denying all benefits because plaintiff was not disabled, as defined by the Social Security Act. Although notified of her right to appeal this decision within sixty days, plaintiff took no further action with respect to the 1998 application.

On January 11, 2000, plaintiff filed a second application (2000 claim) for a period of SSI; the application was considered protectively filed on December 31, 1999. Plaintiff claimed disability due to heart disease and psychological problems. In the 2000 claim, plaintiff asserted the same onset date of disability, July 10, 1998, as she had asserted in the 1998 claim. The 2000 claim was approved by the Social Security Administration (SSA) on July 21, 2000, and a disability onset was established as of December 1, 1999, based on the filing date. Thereafter, plaintiff requested a review and reopening of the 1998 claim, contending that she should have been eligible

for benefits as of July 1998.[1] A second ALJ held a hearing in November 2001; plaintiff and her non-attorney representative were present. In March 2002, this second ALJ rendered a decision denying the request to reopen the 1998 claim. Plaintiff's request for an Appeals Council review of this decision was denied October 10, 2003. Plaintiff then filed this action.

## II. Jurisdiction

■ Defendant argues that this Court lacks subject matter jurisdiction to review the ALJ's decision in this case because when the SSA refuses to reopen a claim for benefits, that decision is unreviewable.[2] The Commissioner's decision "not to reopen a previously adjudicated claim for benefits is discretionary and, therefore, is not a final decision reviewable under 42 U.S.C. § 405(g)."[3] As the Supreme Court explained,

> [A]n interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g) [42 U.S.C. § 405(g) ], to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 C.F.R. § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive

or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.[4]

Plaintiff seeks reopening of the 1998 claim that was denied in October 1999. Plaintiff failed to appeal the denial of the 1998 claim. Were the 1998 claim reopened and SSI benefits awarded, the earliest eligibility date for such benefits would be the first day of the month after the date of application, or August 1998 rather than January 2000.[5] But plaintiff cannot use a later application for benefits as an attempt to circumvent the appeals requirement of a previous case.[6]

■ Ordinarily there is no judicial review of the denial of a request to reopen a claim, except: (1) when the Commissioner's decision constitutes a de facto reopening of the earlier filed claim; and (2) when the claimant has a colorable constitutional claim based on the denial of benefits in the prior case.

### 1. De Facto Reopening

■ Plaintiff argues that the ALJ's determination of the 2000 claim constituted a de facto reopening of the 1998 claim, allowing judicial review.[7] An ALJ's decision may constitute a de facto reopening if the ALJ reviews the case on its merits and considers additional evidence submitted in support of the claim.[8] If the case is impliedly reopened, the decision is subject to

---

1. *See* 20 C.F.R. § 416.335 (the earliest a claimant may receive SSI benefits is the month after the month the application for benefits is filed).

2. *Taylor for Peck v. Heckler,* 738 F.2d 1112, 1115 n. 6 (10th Cir.1984) (citing *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *White v. Schweiker,* 725 F.2d 91, 93 (10th Cir.1984)).

3. *Brown v. Sullivan,* 912 F.2d 1194, 1196 (10th Cir.1990) (citing *Krumpelman v. Heckler,* 767 F.2d 586, 588 (9th Cir.1985) (*cert.*

*denied* 475 U.S. 1025, 106 S.Ct. 1222, 89 L.Ed.2d 332) (1986)).

4. *Califano v. Sanders,* 430 U.S. at 109, 97 S.Ct. 980.

5. 20 U.S.C. § 416.335.

6. *Brown v. Sullivan,* 912 F.2d at 1196.

7. *Taylor,* 738 F.2d at 1115.

8. *Id.* at 1115 (quoting *Brown v. Heckler,* 565 F.Supp. 72, 74 (E.D.Wis.1983)).

judicial review to the extent of the reopening.[9]

■ But, there was no de facto reopening of the 1998 claim. For in the Tenth Circuit, a claim of de facto reopening is precluded when the ALJ expressly refuses to reopen the claim.[10] Here the ALJ expressly refused to reopen the 1998 claim, stating, "[a]fter reviewing the record, the undersigned is persuaded that the prior Administrative Law Judge's decision will not be reopened, as claimant is not found to be disabled for purposes of eligibility to SSI benefits prior to December 1, 1999, as is more fully explained below." Although the ALJ's determination that plaintiff was "not disabled" seems to be a review of the case on its merits, the ALJ addressed plaintiff's request to reopen by expressly refusing to reopen the claim.

Moreover, the record demonstrates that the ALJ did not consider the merits of the 1998 claim, nor any additional evidence pertaining to that claim, except to the extent appropriate and necessary to determine whether there was "good cause" to reopen the 1998 claim.[11] In determining whether there is good cause to reopen a claim, the ALJ necessarily reviewed the 1998 claim, in order to determine whether: "(1) [n]ew and material evidence [was] furnished; (2)[a] clerical error was made; or (3)[t]he evidence that was considered in making the determination or decision clearly show[ed] on its face that an error was made."[12] Here, the record reveals

---

9. *Id.* (quoting *McGowen v. Harris*, 666 F.2d 60 (4th Cir.1982)).

10. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir.1990); *Cook v. Chater*, 85 F.3d 640, 1996 WL 223711, *2 n. 1 (10th Cir.1996) (unpublished table decision) ("The administrative law judge expressly refused to reopen the [prior] application .... Such express refusal to reopen normally precludes a claim of de facto reopening by the administrative law judge and is also not reviewable by this court.") *Gilbert v. Chater*, 110 F.3d 73, 1997 WL 158139, *3 (10th Cir.1997) (unpublished table decision); *See also Watkins v. Chater*, No. 95-1487, 1997 WL 225918, *1 (D.Kan. April 8, 1997); *Hejny v. Shalala*, No. 92-1156, 1993 WL 153204 (D.Kan. April 6, 1993) ("If the ALJ considers the merits of the first application and reappraises the evidence without deciding the administrative res judicata issue, this constitutes a de facto reopening of the application. However, the application is not reopened if the ALJ merely reviews previously *submitted* evidence as background information and does not reappraise the evidence." (internal citations omitted)); *Dugan v. Sullivan*, No. 89-1121-C, 1991 WL 105230, *4 (D.Kan. May 31, 1991); *Harkins v. Bowen*, No. 85-1511, 1989 WL 9337, *4 (D.Kan. Jan. 3, 1989).

11. *See Devereaux v. Chater*, No. 95-1196, 1996 WL 98956, *3 (10th Cir. Mar. 7, 1996) (stating that in determining whether to reopen the claim, the ALJ may consider medical evidence regarding that claim; such does not necessarily constitute a consideration of the merits of that claim.)

12. 20 C.F.R. § 416.1489; *see* SSA's Programs Operation Manual (POMS) § GN.04010.030 (defining new and material evidence as any evidence which: was not a part of the claims, disability or earnings discrepancy file when the final determination or decision was made, but relates back to the date of the original determination or decision; and shows facts that would result in a conclusion different from that originally reached had the new evidence been introduced or available at the time of the original determination); *also see* POMS § GN.04010.020 (stating that such a facial evidentiary error "exists where it is absolutely clear that the determination or decision was incorrect. That is, based on all the evidence in the file and any evidence of record anywhere in SSA at the time the determination or decision was made, it is unmistakably certain that the determination or decision was incorrect."); *see McNamar v. Apfel*, 172 F.3d 764, 766 (10th Cir.1999) (although POMS is not legally binding authority, it is nevertheless persuasive authority of the agencies' own interpretation of Social Security Regulations, and will be "given controlling weight unless it is arbitrary, capricious, or contrary to law").

that the ALJ engaged in such a limited review of the 1998 claim. The ALJ acknowledged the limitations of his scope of review, stating that he was considering whether plaintiff had furnished new and material evidence, and that he was considering whether the evidence before the first ALJ demonstrated on its face that an error was made. Although the ALJ stated that there was no disability, the Court concludes that the ALJ was expressing his conclusion that there was no new evidence and no facial error warranting a reopening, since that is the scope of the review he expressly stated that he undertook.

Therefore, the Court concludes that the ALJ did not impliedly or de facto reopen plaintiff's 1998 claim. Thus this Court does not have jurisdiction under 42 U.S.C. § 405(g) to review the ALJ's decision, including the ALJ's determination that there was no new and material evidence and no facial error.[13]

### 2. Constitutional Challenge

 When a claim is not reopened, it is nevertheless subject to judicial review if the claimant presents a colorable constitutional claim.[14] In *Califano v. Sanders*, the Supreme Court stated that there are "rare instances where the [Commissioner's] denial of a petition to reopen is challenged on constitutional grounds," and "the availability of judicial review is presumed."[15] The Supreme Court found no colorable constitutional claim however, noting that the claimant was seeking "only an additional opportunity to establish that he satisfies the Social Security Act's eligibility stan-

dards for disability benefits," something for which " § 205(g) [42 U.S.C. § 405(g) ] does not afford subject-matter jurisdiction in this case."[16]

Plaintiff has similarly failed to raise a colorable constitutional claim. She merely challenges the ALJ's decision to not reopen the 1998 claim, pursuant to 20 C.F.R. § 416.1489. Absent a constitutional claim, the Court lacks subject matter jurisdiction to reopen the 1998 claim.

In sum, having carefully considered the arguments, the Court concludes that it does not have jurisdiction to consider the Commissioner's refusal to reopen plaintiff's 1998 claim. The Court will not consider plaintiff's arguments on the merits of the Commissioner's decision as this case is dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for judgment is **DENIED**.

**IT IS FURTHER ORDERED THAT** this case is **DISMISSED**.

**IT IS SO ORDERED.**

---

**13.** See *London v. Apfel*, No. 99–1146, 1999 WL 1244475, *2 (10th Cir.1999) (stating that this jurisdictional bar applies to arguments that the ALJ erroneously concluded that plaintiff did not present any new and material evidence).

**14.** *Nelson v. Sec'y of Health & Human Services*, 927 F.2d 1109, 1111 (10th Cir.1990)

(citing *Torres v. Sec'y of Health & Human Services*, 845 F.2d 1136, 1138 (1st Cir.1988)).

**15.** *Califano v. Sanders*, 430 U.S. 99, 109, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

**16.** *Id.*