Renee G. **TAYLOR** for Kelly E. **PECK** and William G. Peck, Plaintiff-Appellant,

v.

Margaret M. **HECKLER,** Secretary of Health and Human Services, Defendant-Appellee.

No. 83–1879.

United States Court of Appeals, Tenth Circuit.

July 12, 1984.

Dwight L. King of Dwight L. King & Associates, P.C., Salt Lake City, Utah, for plaintiff-appellant.

Patricia L. Bossert, Asst. Regional Atty. (Ronald S. Luedemann, Regional Atty., Thomas A. Nelson, Jr., Deputy Regional Atty., and Beverly R. Buck, Asst. Regional Atty., Dept. of Health and Human Services, Denver, Colo. and Brent D. Ward, U.S. Atty. and Joseph W. Anderson, Asst. U.S. Atty., Salt Lake City, Utah, on brief), for defendant-appellee.

Before McWILLIAMS and DOYLE, Circuit Judges, and CHILSON,* District Judge.

McWILLIAMS, Circuit Judge.

This is an appeal, under 42 U.S.C. § 405(g),[1] from a judgment of the district court affirming the denial of Social Security survivor benefits. Pursuant to 42 U.S.C. § 402(d), Renee Walker, now known as Renee Taylor, filed an application for Surviving Child's Insurance Benefits[2] on May 9, 1977. In her application, Taylor alleged that one William Peck, a then recently deceased wage earner, was the father of her two minor children, born in 1974 and 1976.[3] Taylor's application was

---

* Honorable Hatfield Chilson, United States District Judge for the District of Colorado, sitting by designation.

1. 42 U.S.C. § 405(g) provides in part: "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days ...."

2. Survivor benefits are provided by statute to all unmarried, minor children who were "dependent" upon a deceased wage-earner covered by Social Security. 42 U.S.C. § 402(d). Legitimate and adopted children are deemed to be dependent and are automatically entitled to benefits. 42 U.S.C. § 402(d)(3). Illegitimate children must make an affirmative showing of their entitlement based upon whether the wage-earner had acknowledged them in writing, or had been decreed by a court to be the father, or had been ordered to support the children, 42 U.S.C. § 416(h)(3)(C)(i), or is shown by other evidence to have fathered the children and was living with them or contributing to their support. 42 U.S.C. § 416(h)(3)(C)(ii).

3. Two other applications for Surviving Child's Insurance Benefits had been filed on behalf of minor children allegedly fathered by William Peck. One application was filed by Alma Peck on behalf of a daughter. Alma was married to William Peck for two years. He left Alma and moved in with one Paula Johansen, with whom he lived until his death in 1976 from "acute alcoholic intoxication." Paula made application for benefits on behalf of a son. It was while William Peck was living with Paula Johansen that he allegedly fathered two children by the then Renee Walker. The applications of Alma Peck and Paula Johansen were apparently granted and their children apparently have been receiving survivor benefits.

denied on November 11, 1977, on the ground that Taylor had failed to establish paternity. Taylor sought reconsideration of the matter, but her application was again denied on May 15, 1978. At the time Taylor's request for reconsideration was denied, she was given written notice of her appeal rights, *i.e.*, the right to request a hearing before an administrative law judge and the right to seek further review by the Social Security Administration's Appeals Council. Taylor, however, did not proceed further.

On October 29, 1980, Taylor filed a new application for survivor benefits on behalf of her two children, again claiming that William Peck was the father of both. Attached to this new application were hospital birth certificates for each of her children and a certified copy of a judgment entered in a state district court for the Third Judicial District of Salt Lake County, dated October 16, 1980, declaring William Peck to be the father of Taylor's two children.

Renee Taylor's new application was denied on December 17, 1980, on the ground that it was a "duplicate claim." Motion for reconsideration was denied on March 10, 1981, on the ground that the denial in 1978 of Taylor's first application became final when she failed to appeal. *See* 20 C.F.R. § 404.916 (1980) (superseded by 20 C.F.R. § 404.920 (1983)).

In denying the motion for reconsideration, Taylor was again advised of her appeal rights. This time she availed herself of these rights and requested a hearing before an administrative law judge.[4] The administrative law judge then held a full-scale adversarial hearing. Renee Taylor, Alma Peck and Paula Johansen testified at length. Forty-four exhibits were received in evidence. The administrative law judge issued a single-spaced, typewritten decision consisting of some seven pages, wherein he reviewed the applicable law and regulations, evaluated the evidence before him in

considerable detail, made seven specific findings of fact, and then decided that Taylor's two children, Kelly and William, were not eligible for survivor benefits. The Appeals Council later refused to set aside or modify the decision of the administrative law judge.

Taylor next brought suit in the United States District Court for the District of Utah, seeking to have the denial of her application by the Secretary set aside, and asking for a determination that her two children are entitled to Surviving Child's Insurance Benefits. The district court, however, affirmed the action of the Secretary. Taylor appeals that judgment.

The reason given by the district judge for denying Taylor's petition was administrative *res judicata.* 20 C.F.R. 404.-957(c)(1) (1983). *See United States v. Utah Construction and Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966); *Neighbors v. Secretary of Health, Education & Welfare,* 511 F.2d 80 (10th Cir.1975). The district judge was of the very firm view that Taylor's second application filed in 1980 presented the same claim as did her first application filed in 1977, and that the adverse ruling she suffered in connection with her original application barred her from relitigating the same claim again. We take a different view of the matter, although, for the sake of argument, we will assume the applicability of the doctrine of *res judicata.*

20 C.F.R. § 404.987–404.989 (1983) permits the reopening of a decision for "good cause"[5] within four years of the date of the initial determination. In the instant case, Taylor's second application was filed approximately two and one-half years after the initial determination. Although the administrative law judge in the present proceeding did not in so many words "reopen" the case, it is apparent to us that in fact he did reopen it. In this regard, it is quite

---

4. In the ensuing proceeding before the administrative law judge, Alma Peck and Paula Johansen were made interested parties.

5. 20 C.F.R. § 404.989 defines "good cause" to include: 1) new and material evidence, 2) clerical error, or 3) where the evidence previously considered "clearly shows on its face that an error was made." *Id.*

certain that the administrative law judge did not dispose of Taylor's second application on the basis of *res judicata,* nor did he specifically decline to reopen the decision.[6] On the contrary, the only evidentiary hearing in the entire history of the case was thereafter held by the administrative law judge. Testimony was taken, exhibits received, closing arguments were made by opposing counsel, and a formal decision was rendered. That, to us, constitutes a *de facto* reopening. "[B]y reviewing the case on its merits and considering the additional evidence submitted in support of the plaintiff's claim, the ALJ in effect permitted a reopening of the prior proceedings." *Brown v. Heckler,* 565 F.Supp. 72, 74 (E.D. Wis.1983). On this state of the record, we hold that the district court should not have denied Taylor judicial review of the Secretary's decision on the basis of *res judicata.* Rather, he should have tested the decision of the Secretary in the traditional manner, *i.e.,* by determining whether the findings are supported by substantial evidence and by determining whether the decision was in accord with applicable law and regulations. *See Tillary v. Schweiker,* 713 F.2d 601, 603 (10th Cir.1983).

*McGowen v. Harris,* 666 F.2d 60 (4th Cir.1982) presents a very similar fact situation. Although the Fourth Circuit in *McGowen* concluded that there had been *no* reopening, whereas we conclude that in the instant case there *was* a reopening, the following language in *McGowen* has present pertinency:

> [E]ven though the subsequent claim be the same claim for res judicata purposes, if it has nevertheless been reconsidered on the merits to any extent and at any administrative level, it is thereupon properly treated as having been, to that extent, reopened as a matter of administrative discretion .... In that event a final decision of the Secretary denying the claim is also subject to judicial review to the extent of the reopening, without re-

gard to the expressed basis for the Secretary's denial.

*Id.* at 65–66.

In summary, we conclude that the administrative law judge reopened the case, and that the district court should have reviewed the Secretary's decision on its merits. *See also Farley v. Califano,* 599 F.2d 606 (4th Cir.1979); *Brown,* 565 F.Supp. at 73. *Cf. Latona v. Schweiker,* 707 F.2d 79 (2d Cir. 1983).

Judgment reversed and case remanded for further proceedings.

---

**6.** When the Social Security Administration *refuses* to reopen a claim for benefits, that decision is unreviewable. *Califano v. Sanders,* 430

U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *White v. Schweiker,* 725 F.2d 91, 93 (10th Cir. 1984).