940 F.2d 671
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Louise M. RIEDLE, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 90-7087.
 United States Court of Appeals, Tenth Circuit.
 July 25, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Louise M. Riedle appeals a district court order affirming the decision of the Secretary of Health and Human Services to deny her application for disability insurance benefits, see 42 U.S.C. Sec. 423. For the reasons set forth below, we affirm.
 
 I.
 
 3
 Riedle, a forty-nine year-old woman, filed her current application on July 22, 1988, alleging disability since 1985 due to back surgery and arthritis in her knees, hips and back. The application was denied initially and upon reconsideration. Riedle then requested and received, a hearing before an administrative law judge (ALJ). The ALJ issued a written decision on June 29, 1989. In this decision the ALJ determined, as a threshold matter, that the question of Riedle's disability on or before May 16, 1988, was res judicata due to the denial of an earlier application for benefits which Riedle had filed. The ALJ then concluded that, as for the period after May 16, 1988, Riedle has had the residual functional capacity to perform a full range of sedentary work and, therefore, was not disabled. The appeals council denied Riedle's motion for reconsideration, and the Secretary's decision then became final. Riedle filed a timely motion for review of the Secretary's decision in accordance with 42 U.S.C. Sec. 405(g). The district court affirmed the Secretary's decision, and this appeal followed.
 
 
 4
 On appeal we consider whether the Secretary's decision is supported by substantial evidence. Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). We also consider whether the Secretary applied the correct legal standard. Bernal, 851 F.2d at 299. Riedle has raised a number of challenges to the Secretary's decision. We will address each of Riedle's arguments in turn.
 
 II.
 
 5
 First, Riedle contends that the ALJ implicitly reopened the May 16, 1988, decision denying her benefits by considering evidence which was addressed in that prior determination. However, our review of the record discloses nothing to indicate that the ALJ actually reopened the prior case. Cf. Taylor ex. rel. Peck v. Heckler, 738 F.2d 1112, 1115 (10th Cir.1984) (ALJ de facto reopened prior decision by reviewing case on merits and considering additional evidence). The ALJ, in his written decision, explicitly stated that res judicata precluded consideration of whether Riedle was disabled prior to May 16, 1988. The ALJ considered exhibits dating from the period covered by the May 16, 1988, decision only to the extent that they might warrant reopening of that decision and concluded that reopening was not justified. Because the ALJ expressly refused to reopen by invoking the doctrine of res judicata, there was no reopening in fact. See id. at 1115 n. 6; see also Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir.1985),% cert. denied, 475 U.S. 1025 (1986).
 
 
 6
 In connection with her first argument, Riedle also contends that even if there was not a de facto reopening of her previously adjudicated application, then the ALJ erred in not expressly reopening the application. We do not have jurisdiction to address this claim. "The Secretary's decision not to reopen a previously adjudicated claim for benefits is discretionary and, therefore, is not a final decision reviewable under 42 U.S.C. Sec. 405(g)." Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir.1990).[1]
 
 III.
 
 7
 As we understand her appellate brief, Riedle's second argument on appeal raises three separate issues. First, Riedle contends that the ALJ erred in relying on testimony provided by a vocational expert because the ALJ failed to include Riedle's reduced IQ in hypothetical questions posed to the vocational expert. Riedle, however, overlooks that the vocational expert reviewed Riedle's benefits application file prior to the hearing. See Rec.Vol. II at 62. This file contained evidence of Riedle's mental functioning. Moreover, the vocational expert, in assessing Riedle's vocational capacity at the hearing, specifically referred to Riedle's mental abilities. Id. at 64. The fact that the vocational expert was familiar with Riedle's file and commented on her mental abilities, indicates, in our view, that the vocational expert was cognizant of Riedle's reduced IQ and was making an individualized assessment. Therefore, the effect of the error, if any, in the ALJ's hypothetical was minimal. See, e.g., Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir.1990) (ALJ's failure to include some of claimant's impairments in hypothetical question to vocational expert was of no consequence where the vocational expert was present at the hearing and heard testimony concerning claimant's impairments).
 
 
 8
 In connection with her second argument on appeal, Riedle also contends that the ALJ and the vocational expert mischaracterized her education level as "limited." However, the evidence before the ALJ clearly indicated that Riedle had a tenth-grade education. See Rec.Vol. II at 45. The Secretary's regulations classify a tenth-grade education as a "limited" education. See 20 C.F.R. Sec. 404.1564(b)(3). Thus, Riedle was properly evaluated as having a limited education.
 
 
 9
 The final issue raised by Riedle in connection with her second argument on appeal is that her IQ of seventy-three constitutes a significant nonexertional limitation which precluded use of the medical-vocational guidelines--the "grids." We disagree. Automatic application of the grids is appropriate when a claimant's residual functional capacity, age, work experience, and education precisely match a grid category. Gossett v. Bowen, 862 F.2d 802, 806 (10th Cir.1988). The presence of a nonexertional impairment which limits a claimant's capacity for work may preclude application of the grids and dictate their use only as a framework to determine disability. Id. However, " 'the mere presence of a nonexertional impairment does not automatically preclude reliance on the grids.' " Id. at 807 (quoting Channel v. Heckler, 747 F.2d 577, 582 n. 6 (10th Cir.1984). Rather, a nonexertional impairment precludes application of the grids only when the nonexertional impairment significantly restricts the full range of work the claimant may perform in his or her exertional category. See Gossett, 862 F.2d at 807-08.
 
 
 10
 In this case, the ALJ, in effect, concluded that Riedle could still perform sedentary work despite her reduced IQ. The record, which contains no evidence that Riedle was ever prevented from performing her prior work because of her reduced IQ, supports this finding. Thus, the ALJ properly relied on the grids to determine the existence of substantial gainful work which Riedle could perform.
 
 IV.
 
 11
 As her third argument, Riedle contends that the ALJ did not properly consider her complaints of pain. This court has set forth a three-step approach for evaluating pain. Luna v. Bowen, 834 F.2d 161, 163 (10th Cir.1987). First, the claimant must have an objective medical impairment capable of producing pain. Second, there must be a loose nexus between the impairment and the alleged pain. Finally, considering all the evidence, the ALJ must assess the credibility of the claimant.
 
 
 12
 In this case, the ALJ evaluated Riedle's complaints of pain in accordance with the foregoing framework.[2] The ALJ resolved the pain question at the third prong of the analysis concluding that Riedle's complaints of pain were not credible. The only issue we need address is whether substantial evidence supports the ALJ's finding on Riedle's credibility. See, e.g., Talley v. Sullivan, 908 F.2d 585, 586-87 (10th Cir.1990).
 
 
 13
 Riedle contends that the ALJ erroneously relied on her failure to take pain medication as indicating that her complaints of pain were not credible. According to Riedle, evidence presented to the ALJ established that she did not take pain medication because of severe side effects. See Frey v. Bowen, 816 F.2d 508, 517 (10th Cir.1987) (determination of disability cannot be precluded by claimant's failure to take pain medication when unrefuted testimony indicated that pain medication was "contraindicated because of the side effect of stomach irritation"). However, the ALJ also treated Riedle's complaints of pain as not credible because she did not see her physician more than once every six months. See Rec.Vol. II at 12. Moreover, Riedle's complaints of pain are contradicted by evidence of her activities in the record which included shopping, housework, running errands, and going to the library. Id. at 54, 224-25, 227, 237. In our view, the evidence of Riedle's infrequent visits to her physician and her activities is sufficient to support the ALJ's determination that she does not suffer disabling pain. See Talley, 908 F.2d at 587; Luna, 834 F.2d at 165-66;.
 
 V.
 
 14
 As her fourth argument on appeal, Riedle contends that the ALJ's decision that she could perform sedentary work is not supported by substantial evidence. However, the only specific evidence cited by Riedle to undermine the ALJ's conclusion is evidence which was considered in the May 16, 1988 denial of benefits. As indicated above, this evidence is barred from consideration. See Gavin v. Heckler, 811 F.2d 1195, 1200 (8th Cir.1987) (ALJ could not reevaluate evidence from a prior determination).
 
 
 15
 In connection with her fourth argument, Riedle also cites 20 C.F.R. pt. 404, subpt. P, app. 2, Sec. 201.00(h), which provides in pertinent part as follows:
 
 
 16
 [A] finding of disabled is not precluded for those individuals under age 45 who do not meet all the criteria of a specific rule and who do not have the ability to perform a full range of sedentary work. The following examples are illustrative: ... Example 2: An illiterate 41 year old individual with mild mental retardation (IQ of 78) is restricted to unskilled sedentary work and cannot perform vocationally relevant past work, which had consisted of unskilled agricultural field work; his or her particular characteristics do not specifically meet any of the rules in Appendix 2, because this individual cannot perform the full range of work defined as sedentary. In light of the adverse factors which further narrow the range of sedentary work for which this individual is qualified, a finding of disabled is appropriate.
 
 
 17
 20 C.F.R. pt. 404, subpt. P, app. 2, Sec. 201.00(h). Apparently, Riedle believes that even if she could perform sedentary work, she still fits the above description and a finding of disabled is, therefore, compelled.
 
 
 18
 However, Riedle fails to match the example in two critical ways. First, the record contains no evidence that Riedle is illiterate.[3] Indeed, Riedle testified in English at the hearing before the ALJ. Moreover, Riedle stated in her disability report that her hobby was reading magazines and newspapers, see Rec.Vol. II at 226, 237, and she testified before the ALJ that she paid all her bills, see id. at 54. Second, the record indicates that Riedle's past work as a nurse's aid, hospital housekeeper, and central supply ward clerk is semi-skilled work. See id. at 65 (testimony of vocational expert). This work is distinguishable from the unskilled work of the claimant in the example. Therefore, because Riedle fails to match the example in two critical respects, a finding of disabled is not required by the regulations.
 
 VI.
 
 19
 As her final argument on appeal, Riedle contends that the ALJ improperly rejected the opinions of her treating physicians. However, the only medical opinion relied on by Riedle that is not barred from consideration by res judicata is a medical report from Dr. Leroy M. Milton dated June 16, 1988. Riedle specifically cites to the following statement in Dr. Milton's report as a medical opinion which the ALJ improperly rejected: "[Riedle] is not able to participate in activities requiring prolonged standing, bending, stooping or lifting." Id. at 320.
 
 
 20
 An ALJ is required to give substantial weight to the opinion evidence of treating physicians, unless good cause is shown to the contrary, Bernal, 851 F.2d at 301. In this case, the ALJ, contrary to Riedle's assertion, did not reject Dr. Milton's analysis of her ability to engage in prolonged standing, bending, or lifting. Instead, the ALJ, in finding that Riedle could perform a full range of sedentary work, also explicitly found that Riedle could not "stand or walk for prolonged periods of time or repetitively bend, stoop or squat." Rec.Vol. II at 13. The ALJ's conclusions that Riedle could engage in sedentary work and yet not engage in prolonged standing, walking, or bending were not inconsistent.[4] Thus, there is no basis for concluding that the ALJ improperly rejected the opinion of Dr. Milton.
 
 
 21
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 There may be federal judicial review when the Secretary's decision not to reopen is itself challenged on constitutional grounds. Dozier v. Bowen, 891 F.2d 769, 771 (10th Cir.1989). In this case, however, Riedle did not raise any constitutional issue before the Secretary which is reviewable by this court. See Dominick v. Bowen, 861 F.2d 1330, 1332 (5th Cir.1988)
 
 
 [2]
 The ALJ, in evaluating Riedle's complaints of pain, did not cite Luna. However, the ALJ, in his opinion, did state that he evaluated Riedle's pain in accordance with Social Security Ruling 88-13. This ruling is fully consistent with Luna
 
 
 [3]
 Illiteracy is defined in the regulations as: "... the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate is a person who has had little or no formal schooling." 20 C.F.R. Sec. 404.1564(b)(1)
 
 
 [4]
 Sedentary work is defined in the regulations as:
 [involving] lifting no more then 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary to carry out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
 
 
 [20]
 C.F.R. Sec. 404.1567(a)