UNITED STATES COURT OF APPEALS
**Filed 5/3/96**
FOR THE TENTH CIRCUIT

ELLEN COOK,

    Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner,
Social Security Administration,[*]

    Defendant-Appellee.

No. 95-7095
(D.C. No. CV-94-346-S)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.

---

[*]    Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Ellen Cook appeals from an order of the district court affirming the Secretary's decision denying her Social Security disability benefits. Ms. Cook filed an initial application for Supplemental Security Income (SSI) and disability insurance benefits on July 24, 1987, alleging a disability onset date of February 22, 1985. That application was denied on October 5, 1987. Ms. Cook did not appeal from the denial.

Ms. Cook filed a second application on May 2, 1991, alleging disability due to nerve and muscle pain, numbness in the neck, right arm, legs and toes, headaches, loss of controlled use of the right hand and arm, back pain, pain in both knees and her left ankle, fatigue, and inability to sleep. She again alleged an onset date of February 22, 1985. Her request for disability benefits was denied initially and on reconsideration. Following a de novo hearing on April 27, 1993, an administrative law judge determined that Ms. Cook was not disabled within the meaning of the Social Security Act prior to the expiration of her insured status, and denied disability benefits, but found that she was disabled as of the protected filing date of the application, so that she was entitled to SSI should all nondisability factors be met.

The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five-step disability test in detail). The administrative law judge, reaching step four, determined that prior to July 11, 1990, Ms. Cook was capable of performing her past relevant work as a secretary. The administrative law judge further found that beginning July 11, 1990, Ms. Cook could no longer perform her past work or a significant number of jobs in the national economy.

Ms. Cook's insured status expired December 31, 1987. The administrative law judge denied her disability insurance benefits because he determined that she was not disabled prior to the expiration of her insured status. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993)(claimant must establish disability prior to expiration of insured status). We review the Secretary's decision to determine whether the findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989)(quotation omitted).

I.

Ms. Cook challenges the administrative law judge's determination that prior to July 11, 1990, she could return to her past relevant work as a secretary. In particular, she points to the opinions of her treating physician, Dr. Sauer, and her chiropractor, Dr. Fox,[1] that she was incapable of extended sitting.

The evidence of record shows that Ms. Cook's work as a secretary required her to sit for seven hours out of an eight hour day. The job of "secretary" is sedentary, see 1 Dictionary of Occupational Titles 171, occupational code # 201.362-030 (4th ed. 1991), and sedentary work involves extended sitting, see 20 C.F.R. § 404.1567(a). The administrative law judge could not have found that Ms. Cook could return to this past work without rejecting her doctors' opinions, which he did not do. We therefore reverse his determination at step four.

II.

The administrative law judge further found that beginning July 11, 1990, Ms. Cook could not perform a significant number of jobs in the national economy. This finding allowed him to make a prospective determination of disability for SSI purposes.

---

[1]    A chiropractor's opinion is not an acceptable source of medical evidence and may be considered only to show how an impairment affects a claimant's ability to work. See 20 C.F.R. 404.1513(a), (e); Walker v. Shalala, 993 F.2d 630, 632 n.2 (8th Cir. 1993). However, we have recognized that a chiropractor's report may corroborate the findings in a treating physician's report. See Frey v. Bowen, 816 F.2d 508, 514 (10th Cir. 1987).

We note one possibly unintended implication of the administrative law judge's finding: that <u>before</u> July 11, 1990, there <u>were</u> a significant number of jobs within the national economy which Ms. Cook could have performed. Were we, by implication from this finding, to credit the administrative law judge with a decision at step five, we would be faced with a possible alternative basis for affirmance. <u>See</u> <u>Murrell v. Shalala</u>, 43 F.3d 1388, 1389 (10th Cir. 1994). However, we are not convinced that the administrative law judge actually made a determination at step five, as in <u>Murrell</u>. Moreover, the Secretary does not argue that he did, and the claimant does not so treat the record. We will not decide issues which the parties themselves have not presented. <u>See, e.g.,</u> <u>Sheets v. Salt Lake County</u>, 45 F.3d 1383, 1390 (10th Cir. 1995); <u>Bledsoe v. Garcia</u>, 742 F.2d 1237, 1244 (10th Cir. 1984). We therefore do not reach the step five issue. On remand to the Commissioner, further proceedings may be had for a determination at step five.

### III.

Ms. Cook also challenges the administrative law judge's refusal to reconsider her 1987 application on the merits. She contends that the Secretary reopened her 1987 application de facto during the initial decision and redetermination stages by reviewing the medical evidence presented in support of her previous claim, and also by reviewing new evidence pertinent to the time period covered by the 1987 application. <u>See</u> <u>Taylor ex rel. Peck v. Heckler</u>, 738 F.2d 1112, 1114-15 (10th Cir. 1984)(discussing de facto reopening of prior

5

applications).  She contends that this de facto reopening was binding on the administrative law judge and required him to evaluate her 1987 application on the merits.[2]

Our review of the record convinces us that the Secretary did not reopen or reconsider the 1987 application "on the merits" at any stage of the proceedings.  Although the initial and reconsideration decisions indicate that Ms. Cook's prior medical records were used to "decide her claim," there is no indication that the Secretary used these records to make any determination concerning the first application.  The only determination made was that Ms. Cook was not disabled prior to the expiration of her insured status, which occurred after she filed her second claim.

Review of prior medical records was particularly necessary here, given the short time period between denial of Ms. Cook's first claim and the expiration of her insured status.  "Such review of the medical facts may be necessary simply to assess rationally . . . whether [the claimant] was disabled at the [time of her second claim]."  Robertson v. Sullivan, 979 F.2d 623, 625 (8th Cir. 1992)(quotation omitted); see Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986)("These matters, rather, were simply preliminary facts required to assess . . . whether [claimant] was disabled at the time of the second application.").

---

[2]     The administrative law judge expressly refused to reopen the 1987 application. Appellant's App., Vol. I at 36.  Such express refusal to reopen normally precludes a claim of de facto reopening by the administrative law judge and is also not reviewable by this court. See Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir. 1990); Taylor, 738 F.2d at 1115 n.6; see also Califano v. Sanders, 430 U.S. 99, 107-08 (1977)(concerning nonreviewability).

IV.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED in part (i.e. respecting his declining to reconsider claimant's 1987 application on the merits and his prospective determination as to SSI benefits from the date of claimant's May 2, 1991 protective application), REVERSED in part (i.e. the step four ruling), and the case is REMANDED to the district court with directions to remand to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge

7

**BRORBY**, Circuit Judge, dissenting.

I agree with my colleagues the Administrative Law Judge could not have found Ms. Cook could return to her past work without rejecting her doctors' opinions, which he did not do. I do not believe this flaw requires reversal for the reasons set forth in the next paragraph.

I differ with my colleagues in that I would affirm the Administrative Law Judge's decision at step five as being supported by substantial evidence. Drs. Sauer and Fox did not opine that Ms. Cook is disabled from all work. In particular, Dr. Sauer opined she could work as a computer programmer, so long as she was able to alternate sitting and standing.