UNITED STATES COURT OF APPEALS

**Filed 1/24/97**

FOR THE TENTH CIRCUIT

DORIS BROWN,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,*

      Defendant-Appellee.

No. 96-6177
(D.C. No. CIV-94-1320-A)
(W.D. Okla.)

ORDER AND JUDGMENT**

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although the Commissioner has been substituted for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Doris Brown alleges disability due to back pain and Paget's disease. Her application for disability insurance benefits was denied initially by the Social Security Administration and on review before an administrative law judge (ALJ). The Appeals Council refused to disturb the denial, prompting Ms. Brown to seek review in the federal district court, where the administrative action was upheld. Ms. Brown appeals from the district court's adverse ruling. We exercise jurisdiction under 42 U.S.C. § 405(g) and affirm.

Ms. Brown had previously applied for supplemental security income, alleging disability due solely to Paget's disease. That application was denied on March 26, 1992. We are, therefore, bound by the determination that, prior to March 26, 1992, Ms. Brown was not disabled. See Califano v. Sanders, 430 U.S. 99, 107-08 (1977). In this proceeding, Ms. Brown argues that the worsening of her Paget's disease, when combined with problems resulting from a back injury, have now rendered her disabled. The ALJ disagreed with this contention, finding, at step five of the required analysis, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that Ms. Brown could perform the job of convenience store

clerk, a job existing in significant numbers both in Oklahoma and nationally and was, therefore, not disabled.

"This court reviews the Secretary's decision to determine only whether [her] findings are supported by substantial evidence and whether the Secretary applied correct legal standards. . . ." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. We will not reweigh the evidence or substitute our judgment for that of the Secretary. Id.

Initially, Ms. Brown argues that the ALJ failed to consider and credit her subjective assertions regarding the severity of her pain and incorrectly required her to provide corroborative medical evidence proving that her pain is inevitable. Our review of the record and the ALJ's decision, however, reveals that the ALJ properly conducted the pain analysis in this case.

Contrary to Ms. Brown's assertion, the ALJ clearly considered her pain allegations and explicitly discussed his reasons for refusing to credit completely Ms. Brown's testimony regarding the severity of her pain. Specifically, the ALJ identified her level of daily activity, the fact that she takes only over-the-counter medications which cause no significant side effects, and that limiting her need to engage in strenuous activity lessens the risk of precipitating or aggravating the pain. These references to specific evidence in the record to support his decision

regarding Ms. Brown's subjective complaints of pain are sufficient to satisfy the ALJ's duty to give reasons for his conclusions as required by Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). This analysis also refutes the contention that the ALJ required Ms. Brown to prove her pain was inevitable. The ALJ refused to credit claimant's allegations regarding the severity of her pain, not only because there was no reliable medical evidence to support the claimed severity, but also because other factors, such as claimant's activity level and use of medication, belied the existence of severe disabling pain.

Ms. Brown argues that it is reasonable to presume that a person with a ten-year history of Paget's disease would have increasing pain, headaches, and stiffness and that the ALJ should have considered the deterioration of her condition over time. The problem with this argument is that there is simply no credible medical evidence in the record that Ms. Brown's condition has deteriorated so much since March 1992 that she is now disabled. Disability determinations cannot be made solely on the basis of a layperson's presumption.

Claimant points to the opinion of her treating chiropractor, Dr. Perry, to support her claim of total disability. The ALJ chose to disregard this evidence because Dr. Perry's opinion, in his view, was "not medically and clinically supported by the substantial evidence." Appellant's App. Vol. II at 36. This conclusion was based on the ALJ's review of a letter written by Dr. Perry in

-4-

August 1993 in which Dr. Perry reiterates an earlier opinion that, as early as October 1990, claimant was totally disabled. Dr. Perry rendered the October 1990 opinion, however, at a time when claimant was working full time as a waitress, thus completely refuting his conclusion of total disability and casting his other conclusions in a less than credible light.[1]

Juxtaposed with Dr. Perry's conclusion of total disability were the opinions of the physician who examined claimant as part of her workers' compensation case, and another physician who examined her in August 1992. Neither of these doctors found claimant to be suffering from any disabling impairments. It is the province and duty of the ALJ to reconcile conflicts in the record, and a physician's opinion may be rejected when specific, legitimate reasons for doing so are given. See Reyes v. Bowen, 845 F.2d 242, 245 (10th Cir. 1988). The ALJ explained his reasons for disregarding Dr. Perry's opinion, and the decision is supported by substantial evidence.[2]

---

[1] Claimant asserts that the ALJ misstated the record in attributing to Dr. Perry an opinion that she was totally disabled in October 1990. In fact, the October 1990 letter from Dr. Perry states that the "patient's ability to perform her normal occupational duties has been severely compromised." Appellant's App. Vol. II at 375. Two years later, however, in his letter to claimant's attorney, Dr. Perry stated: "Referring you to my narrative report, dated October 10, 1990, . . . it is my sincere medical opinion that the above captioned patient was, at the time, totally disabled for the performance of any occupational duties. . . ." Id. at 22. The ALJ did not misstate the record in this matter.

[2] We further note that, as a chiropractor, Dr. Perry cannot be considered an

(continued...)

Finally, Ms. Brown argues that the ALJ should have considered her pain as a nonexertional impairment. While the ALJ did recite in his summary of findings that there were no nonexertional impairments, upon review of the entire decision, it is clear that the ALJ considered claimant's pain and that his decision reflects an accommodation for that pain. The ALJ noted that claimant's pain is probably worse now than before she injured her back. He also noted that, if she refrained from strenuous activity, her pain would not be aggravated. All of this aside, claimant does not explain why the ALJ's failure to credit her with a nonexertional pain impairment has damaged her case. This is not a case decided improperly on the grids even in the face of nonexertional impairments. The issue here is whether claimant's pain is so severe as to be disabling. The ALJ's determination that it is not so severe was arrived at properly and is supported by substantial evidence. We are sensitive to the fact that Ms. Brown almost certainly does suffer from some pain. However, "[t]o be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial

_____

[2](...continued)
acceptable medical source as defined in 20 C.F.R. § 404.1513; his opinion is, therefore, entitled to less weight than that of a medical doctor. A chiropractor's opinion can be used only to establish the impact of an impairment on a claimant's ability to work and/or to corroborate the findings in a treating physician's report. Cook v. Chater, No. 95-7095, 1996 WL 223711, at **2 n.1 (10th Cir. May 3, 1996).

gainful employment." <u>Gossett v. Bowen</u>, 862 F.2d 802, 807 (10th Cir. 1988)(quotation omitted).

Ms. Brown makes two final arguments based on her age and whether she had ever used a cash register in her past work. While we have no brief in the record to assist us in determining which issues were raised to the district court, we note that no mention is made of either of these issues in the report and recommendation of the magistrate judge or in claimant's objections to that report. These arguments, therefore, are waived on appeal. <u>See</u> <u>Soliz v. Chater</u>, 82 F.3d 373, 375-76 (10th Cir. 1996).

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge