**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EARL HEREDEN,

       Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

       Defendant-Appellee.

No. 98-7084
(D.C. No. 96-CV-470-B)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Earl Hereden (claimant) filed an application for Social Security disability insurance benefits in 1993, alleging disability since March 30, 1990 due to a crushed spinal cord, difficulty with bowel control, and lack of feeling in his lower extremities. [1] His application was denied initially and upon reconsideration. At claimant's request, an administrative law judge (ALJ) conducted an administrative hearing. The ALJ determined that claimant retained the residual functional capacity (RFC) to perform sedentary work with some limitations. Applying the Medical-Vocational Guidelines, 20 C.F.R. § 404, Subpt. P., App. 2 (the grids), the ALJ concluded that claimant was not disabled under the Social Security Act and denied his application for benefits. The ALJ's decision became the final decision of the agency when the Appeals Council denied claimant's request for review. The district court affirmed the agency's denial of benefits in part. We exercise jurisdiction under 42 U.S.C. § 405(g). Because we conclude that the existing record does not support the district court's decision to deny benefits in part, we reverse and remand for further proceedings.

---

[1] Claimant had also filed an earlier application for benefits in 1990, which ended at the administrative level. His counsel requested that the agency reopen claimant's earlier application to allow consideration of the alleged 1990 disability date. The administrative law judge's decision implicitly granted this request. *See Taylor ex rel. Peck v. Heckler*, 738 F.2d 1112, 1114-15 (10th Cir. 1984) (noting de facto reopening of earlier application where ALJ did not dispose of that application on res judicata basis, did not decline to reopen, and reviewed the case on its merits after holding a hearing).

To qualify for disability benefits, claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential test for evaluating a disability. *See* 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (detailing five steps). Applying the first four steps of the test, the ALJ determined that claimant was not presently engaged in a substantial gainful activity; claimant had a medically severe impairment, but the impairment did not meet any of the impairments listed in the regulations; and claimant's impairment prevented him from performing his past relevant work. Claimant does not challenge the ALJ's conclusions about the first four steps of the test.

Because claimant bore his burden of proof on the first four steps, he established a prima facie case of disability. *See Williams*, 844 F.2d at 751. The burden of proof shifted to the Commissioner at step five to show that claimant retained the RFC to "perform an alternative work activity and that this specific type of job exists in the national economy." *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir.1991) (quotation omitted). Here, the ALJ found that claimant's post-surgical back condition was substantiated by objective medical evidence, but

was not so severe as to preclude claimant from performing a full range of sedentary work, with restrictions on frequent/repetitive bending or stooping. *See* Appellant's App., Vol. II at 21. The ALJ then relied on the grids, which directed the conclusion that claimant was not disabled.

The district court, upon review of the medical evidence, determined that claimant had been disabled under the Social Security Act for a fifteen-month period after his spinal crush accident. It affirmed the denial of benefits after that time, but ordered the case remanded for an award of benefits for the fifteen-month period. *See id.*, Vol. I at 13, 22. Claimant does not challenge the award of benefits but only that part of the district court's order affirming the denial of benefits after the fifteen-month period.

On appeal, claimant raises two main arguments: 1) the district court's determination that claimant was disabled for a fifteen-month period effectively transformed the case into a termination of benefits case, and 2) the ALJ erred in relying on the grids in the presence of significant nonexertional impairments. Within the second issue, claimant also argues that the agency failed to apply its age regulations to his case. *See* Appellant's Br. at 24. The termination of benefits issue and the age regulation argument were not preserved for appellate review because claimant's counsel failed to raise these points in his objections to

the magistrate judge's report and recommendation. Therefore, we will not review them. *See Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996).

Our review is limited to determining whether the agency's findings "are supported by substantial evidence and whether the [Commissioner] applied correct legal standards." *Gay v. Sullivan*, 986 F.2d 1336, 1338 (10th Cir. 1993) (quotation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hargis,* 945 F.2d at 1486. This court will neither reweigh the evidence as it evaluates the record, nor will it substitute its judgment for that of the agency. *See Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted).

In the single issue preserved for appellate review, claimant argues that the record supports the existence of various significant nonexertional impairments and that, therefore, the ALJ erred in relying on grids to reach his disability determination. It is well established that the grids should not be applied conclusively "unless the claimant could perform the full range of work required of [the pertinent RFC] category on a daily basis and unless the claimant possesses

the physical capabilities to perform most of the jobs in that range." *Ragland v. Shalala*, 992 F.2d 1056, 1057 (10th Cir.1993). "[R]esort to the grids is particularly inappropriate when evaluating nonexertional limitations such as pain." *Id.* (quotation omitted). Therefore, we evaluate the record to determine whether substantial evidence supports the ALJ's decision that claimant is capable of engaging in a full range of sedentary work with some limitations and is physically capable of performing most jobs in that category. *See id.* "Absent such evidence, the [Commissioner] cannot satisfy the burden at step five without producing expert vocational testimony or other similar evidence to establish the existence of significant work within the claimant's capabilities." *Id.*

Claimant first argues that the ALJ ignored his treating physician's opinion that he was permanently partially disabled. *See* Appellant's Br. at 21. The district court attempted to cure this deficiency by addressing the disability opinion and noting that it was not made in the context of the Social Security Act. *See* Appellant's App., Vol. I at 22. While the court correctly implied that the agency reserves the authority to determine disability under the Social Security Act even where a physician has opined that a claimant is disabled, *see* 20 C.F.R. § 404.1527(e)(1), agency regulations and applicable case law make clear that the agency (not the district court) must consider and properly reject treating physicians' opinions. *See id.* §404.1527(d)(2); *Goatcher v. United States Dep't of*

-6-

*Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995) ("The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled."). The ALJ's failure to consider claimant's treating physician's opinion of disability was error.

Claimant further argues the presence of various nonexertional limitations and complains that the ALJ improperly rejected medical evidence in support of those impairments. First, he contends that he has a significant loss of sensation in his lower extremities. While the ALJ did credit his testimony on this point to some extent, the ALJ concluded that it did not compel a finding that claimant was incapable of all work. *See* Appellant's App., Vol. II, at 19. The ALJ also stated: "The claimant's own doctor noted that there was a discrepancy which he could not explain between the objective findings and the claimant's complaint[] of whole leg sensation loss." *Id.* at 18. This statement refers to a report by Dr. Mitchell, to whom claimant was referred by his treating physician, Dr. Shaddock. Dr. Mitchell conducted a "lumbar somatosensory evoked potential" and concluded that claimant's responses to the test were normal. *See id.* at 113. However, the ALJ's reference to this test ignores the balance of Dr. Shaddock's treating notes and medical evidence regarding further treatment of this problem. *See id.* at 198-208. The ALJ should not pick and choose among comments in medical reports, relying on some while disregarding others. *See*

*Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984). We conclude that substantial record evidence does not support the ALJ's analysis of this alleged nonexertional impairment.

Claimant next asserts that he is precluded from twisting and has an extremely limited ability to flex and bend. The ALJ concluded that he could perform sedentary work, with limitations on "frequent/repetitive bending or stooping." Appellant's App., Vol. II at 17. Although acknowledging that claimant's physician's work release precluded any twisting, *see id.*, the ALJ did not include this limitation in his RFC assessment. The district court, addressing claimant's challenge to the ALJ's reliance on the grids, concluded that use of the grids was appropriate because sedentary work, by definition, includes no significant stooping. *See id.*, Vol. I at 12. Claimant contends that this was error, in light of the medical evidence limiting flexing, bending and twisting. We agree. The medical record contains substantial evidence that claimant has these limitations; the ALJ acknowledged them in the body of his opinion. However, neither the ALJ's limitations on bending and stooping nor the district court's reference to the regulation defining sedentary work address these limitations adequately. Therefore, we conclude that the ALJ's RFC assessment that claimant can perform a full range of sedentary work with some limitations is not supported by substantial medical evidence on the record.

-8-

Third, claimant alleges that his bowel incontinence problem is a nonexertional impairment and contends that the ALJ failed to consider it in making his RFC assessment. This condition is well-documented in the medical record, including claimant's attempts to seek treatment for it. *See id.*, Vol. II at 197, 199-203. We agree that, while acknowledging the condition, the ALJ did not include it as a limitation on claimant's RFC or discuss why it would not limit claimant's performance of a full range of sedentary work. The magistrate judge noted that claimant was referred to a therapist for this problem, but that his bowel functions did not return. He then stated that "thereafter [claimant] indicated to his doctors he only had occasional trouble with this and had no difficulty urinating." *Id.*, Vol. I at 9. These references to the medical record do not present a fair picture of the evidence. Neither of these comments were made in connection with treatment of claimant's bowel condition, and they ignore Dr. Shaddock's treatment notes which indicate that the problem not only continued, but worsened. In making his disability determination, Dr. Shaddock attributed a 20% "whole person impairment" to claimant's bowel incontinence. *See id.*, Vol. II at 197. In light of this medical history, we agree with claimant's argument that the ALJ erred in failing to consider this impairment in assessing claimant's RFC.

We hold that the ALJ failed to properly consider the record medical evidence regarding claimant's asserted nonexertional impairments and also failed to consider acknowledged nonexertional limitations in making his RFC assessment. Therefore, his conclusion that claimant can perform a full range of sedentary work with some limitations is not supported by substantial evidence. Accordingly, we reverse the   district court's partial affirmance of the denial of disability benefits, and remand for further administrative proceedings consistent with this opinion. The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case REMANDED to the agency for further proceedings.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-10-